NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH DAVID WILLIAMS,<br><br>  Plaintiff,<br><br>v.<br><br>CLIFTON POLICE DEPARTMENT and TOWN OF CLIFTON,<br><br>  Defendants. | Civil Action No.: 11-5217 (JLL)<br><br>**OPINION AND ORDER** |

**LINARES**, District Judge.

Plaintiff pro se, Joseph David Williams, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court grants Plaintiff's application to proceed in forma pauperis. 28 U.S.C. § 1915(a). Having reviewed Plaintiff's allegations, however, the Court will dismiss the Complaint without prejudice to the filing of an amended complaint.

## BACKGROUND

On September 6, 2011, pro se Plaintiff, Joseph David Willims, filed a complaint alleging that the Clifton Police Department engaged in racial profiling when his car was stopped and searched. (Compl., "Cause of Action," ¶ 1). The entire substance of Plaintiff's Complaint is the following sentence: "I Joseph Williams would like to file Civil and Criminal Charges Against the Town of Clifton New Jersey for RACIAL PROFILING, and car stop by the Clifton Police Dept., with no reason to search our car, after they checked our car insurance, registration, plus checked every body for warrants which no one had no Drugs or Weapons we should have been allowed to leave!!!"

Plaintiff does not allege any additional facts, provide a statement of this Court's grounds for jurisdiction, or state any demand for relief in his Complaint.

## **LEGAL STANDARD**

### A. Standard for a § 1915(e)(2)(B) Dismissal

After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

Thus, in reviewing Plaintiff's Complaint, "we accept his allegations as true, liberally construe them in light of his pro se status, and determine whether they provide notice of a legally-cognizable claim." Hairston v. Nash, No. 06-5219, 2007 WL 2390432, *1 (3d Cir. Aug. 23, 2007); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (plaintiff's "statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'") (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) (quoting, in turn, Conley v. Gibson, 355 U.S. 41 (1957)).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment of same. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); see generally Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007).

## ANALYSIS

Under Federal Rule of Civil Procedure 8(a), a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). While Plaintiff's Complaint may support an actionable claim, his pleadings are insufficient under the above-quoted rule as he does neither provides grounds for the court's jurisdiction nor a demand for relief sought. Furthermore, the limited facts alleged fail to provide Defendants with adequate notice as to the substance of Plaintiff's claim(s) and prevents the Court from properly screening the Complaint for the purpose of establishing whether Plaintiff's claims are subject to sua sponte dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2). The Complaint doesn't state the date of the alleged stop and search by the Clifton Police Department nor does it provide sufficient details regarding the car, passengers, or location of the stop to provide notice to Defendants regarding the particular incident at issue.

The Court, therefore, will dismiss Plaintiff's Complaint for failure to adhere to Rule 8's pleading requirements. However, Plaintiff may be able to state a cognizable claim by filing an amended complaint. The dismissal of the Complaint will, therefore, be without prejudice to the filing of an amended complaint.

Accordingly, **IT IS** on this 25 day of **October, 2011**,

3

**ORDERED** that the Plaintiff's application to proceed in forma pauperis is hereby **GRANTED;** and it is further

**ORDERED** that Plaintiff's Complaint is dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a); and it is further

**ORDERED** that Plaintiff shall have forty-five (45) days in which to file an Amended Complaint which cures the pleading deficiencies addressed above. Plaintiff's failure to do so will result in dismissal of his Complaint **with** prejudice.

_____
Jose L. Linares
United States District Judge